UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY FARRIER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-11524** |
| **ROBIN PITTMAN, ET AL.** | **SECTION: "F"(1)** |

**REPORT AND RECOMMENDATION**

Plaintiff, Anthony Farrier, a state prisoner, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983. He sued Orleans Parish Criminal District Court Judge Robin Pittman, Louisiana State Penitentiary Warden Darryl Vannoy, and Orleans Parish District Attorney Leon Cannizzaro. In this lawsuit, plaintiff claims that he was denied due process in his state criminal trial.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint … is frivolous …." 28 U.S.C. § 1915A(b)(1). Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action … is frivolous …." 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous,

the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

As noted, plaintiff claims that he was denied due process in his state criminal trial. That claim is clearly barred by Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (footnote omitted). Heck has since been extended also to bar claims for declaratory and injunctive relief. See, e.g., Walton v. Parish of LaSalle, 258 F. App'x 633, 633-34 (5th Cir. 2007); Collins v. Ainsworth, 177 F. App'x 377, 379 (5th Cir. 2005); Shaw v. Harris, 116 F. App'x 499, 500 (5th Cir. 2004). Claims barred by Heck are legally frivolous. See Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996); see also Anderson v. Galveston County District Clerk, 91 F. App'x 925 (5th Cir. 2004); Kingery v. Hale, 73 F. App'x 755 (5th Cir. 2003).

Obviously, a judgment in plaintiff's favor on his § 1983 claims alleging that he was denied due process at trial would necessarily imply the invalidity of his resulting state court conviction.

2

See Walton, 258 F. App'x at 633-34 ("Because a declaration that [plaintiff's] conviction was secured through a violation of due process would call into question the validity of his conviction, the district court's application of Heck was proper."). Accordingly, plaintiff's § 1983 claims should be dismissed with prejudice until such time as the Heck conditions are met.[1]

Out of an abundance of caution, the Court notes that due process claims such as the one alleged herein would more properly be asserted in a federal habeas corpus petition seeking relief pursuant to 28 U.S.C. § 2254. However, plaintiff filed this as a § 1983 federal civil rights action, not as a § 2254 petition. Further, plaintiff has previously filed a § 2254 petition which was dismissed with prejudice. Farrier v. Vannoy, Civ. Action No. 17-7955, 2018 WL 6651253 (E.D. La. Dec. 19, 2018). Accordingly, the undersigned declines to construe this federal civil rights complaint as a second or successive habeas corpus petition. See 28 U.S.C. § 2244(b).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's 42 U.S.C. § 1983 claims be **DISMISSED WITH PREJUDICE** to their being asserted again until the Heck conditions are met.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

---

[1] See DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in Heck cases decrees, 'Plaintiff[']s claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.'").

3

result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this second day of January, 2019.

                                                          *Janis Van Meerveld*
                                                  **JANIS VAN MEERVELD**
                                                  **UNITED STATES MAGISTRATE JUDGE**